IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN WITHROW, )
) No. 13-cv-04563
)
Plaintiff, )
v. ) Judge Sharon Johnson Coleman
)
THOMAS DART, JOHN MURPHY, )
MARIO REYES, DIRECTOR HICKERSON, )
and COUNTY OF COOK, )
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian Withrow filed his Second Amended Complaint on October 14, 2014, against defendants Cook County Sheriff Thomas Dart, Cook County, Director Gary Hickerson, Superintendent of Division 10 of Cook County Jail Mario Reyes, Director John Murphy, and Assistant Executive Director Jocelyn Jackson. (Dkt 38). Before the Court is defendants' Rule 12(b)(6) motion to dismiss with prejudice Withrow's complaint.[1] Fed. R. Civ. P. 12(b)(6). Based on the reasons that follow, defendants' motion to dismiss is granted.

**Background**

Withrow is currently incarcerated at Robinson Correctional Center in Robinson, Illinois. He was formerly detained at Cook County Jail and housed in Division 10 from January 3, 2012 to sometime in October 2012. Based on his confinement at Cook County Jail, Withrow makes several Eighth Amendment conditions of confinement claims. He alleges that he and other inmates were not provided with cleaning supplies, and that his bedding had not been laundered in up to six months. Withrow also alleges that because of the unclean conditions, he developed a rash and a fungus, for which he received medication. Withrow also alleges that he was subjected to severe smoke inhalation on two occasions when an electrical fire occurred due to dirt and lent build-up in the ventilation ducts, the officers' slow response in evacuating the detainees, and the lack of proper working smoke alarms and sprinkler systems.

---

[1] Withrow's response to defendants' motion to dismiss is entitled "Plaintiffs (*sic*) Motion in Opposition to Defendants (*sic*) Motion to Dismiss." (Dkt. 70).

1

Withrow alleges he informed defendants Dart and Reyes of the conditions by letter and oral communications. He also told several officers of the conditions, including Officer Carbone who was dismissed from this matter. (Dkt 38, ¶ 12).Withrow also alleges that he submitted grievances describing the conditions. (Dkt 38, ¶ 11).

**Legal Standard**

A motion brought under Rule 12(b)(6) challenges the sufficiency of the complaint by contending that the plaintiff has failed to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing the motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). Although detailed factual allegations are not required, the complaint must contain sufficient factual matter, which when accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pursuant to Rule 8(a)(2), the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints by *pro se* plaintiffs are to be generously construed and not held to the stringent standards that are expected of pleadings prepared by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, a *pro se* plaintiff can plead himself out of court by alleging facts that defeat the claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

**Discussion**

Withrow alleges that he lived in unsanitary and unsafe conditions while housed in Division 10 of Cook County Jail. The Court notes that because Withrow was a pretrial detainee at Cook County Jail, he was protected by the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's prohibition against cruel and unusual punishment. Section 1983 claims brought under the Fourteenth Amendment are analyzed under the Eighth Amendment test. *See Higgins v. Correctional Med. Servs. of Illinois, Inc.*, 178 F.3d 508, 511 (7th Cir.1999).

Withrow contends that defendants Hickerson, Murphy, and Jackson are personally liable to him for monetary damages resulting from the unsanitary and unsafe conditions of his confinement. To state a claim against these defendants in their individual capacity, Withrow must allege facts showing that they either specifically caused or participated in the alleged

deprivations of Withrow's constitutional rights. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Withrow's complaint is silent as to any facts that would establish these defendants' alleged involvement in the violation of Withrow's rights. Therefore, Withrow has not met his burden of establishing the legal sufficiency of his complaint, and defendants' motion to dismiss is granted with prejudice as to these defendants.

*Conditions of Confinement Two-Part Test*

Eighth Amendment conditions of confinement claims have objective and subjective components. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). The objective prong requires the Court to determine whether the conditions were sufficiently serious such that the acts or omissions of the jail officials deprived the plaintiff of basic human needs. *See Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *see also Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006) (prison has duty to provide, inter alia, adequate sanitation and hygienic materials). If the conditions were sufficiently serious, the Court then considers whether jail officials were deliberately indifferent to the adverse conditions. That is, the Court must determine whether defendants Reyes and Dart were "subjectively aware of the condition of danger complained of, but consciously disregard[ed] it." *Rice v. Correctional Medical Services*, 675 F.3d 650, 665 (7th Cir. 2012).

Construing the allegations in Withrow's favor, Withrow was subjected to unsanitary conditions, a lack of cleaning supplies, and smoke inhalation from two separate fires where he claims the jail officers failed to evacuate detainees expeditiously. While it is true that prisoners cannot expect the "amenities, conveniences, and services of a good hotel," (*Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)), prisoners are entitled to shelter, which includes reasonably adequate sanitation and ventilation. *See Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994); *Gillis*, 468 F.3d at 493; and *Board v. Fanham*, 394 F.3d 469, 486-87 (7th Cir. 2005). Withrow claims that the unclean and unsanitary conditions caused him to develop a rash and a fungus for which he received treatment, and suffer injuries from smoke inhalation.

Although Withrow has sufficiently pleaded the conditions were sufficiently serious, he has nevertheless failed to allege that defendants Reyes and Dart were deliberately indifferent to these conditions. *Farmer*, 511 U.S. at 842; *see also*, *Conwell v. Cook County*, No. 12 C 10062, 2014 WL 5293403, *7 (N.D. Ill. Oct. 14, 2014) (Reyes, J.). Withrow claims he informed Reyes and Dart about the conditions by letter and oral communication. However, deliberate

3

indifference is a high standard. *See e.g., Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The doctrine of *respondeat superior* does not apply to Section 1983 claims. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Withrow has not alleged that high-ranking officials Reyes and Dart participated in or were personally involved in the events necessitating his conditions of confinement claim. Accordingly, Withrow may not proceed against these defendants. Withrow's naming Cook County as a defendant under *Monell* claim also fails because his claims against the individual defendants fail.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss with prejudice Withrow's second amended complaint is granted.

IT IS SO ORDERED.

_____
Date: January 21, 2015

Sharon Johnson Coleman
United States District Judge